### Cleveland, C., C. & St. L. Ry. Co. v. James Carr.

1. Employer and Employe—*Right of Recovery Where the Employe Attempts to do a Thing Not Required of Him.*—Where an employe attempts to perform a service not required of him and is injured in consequence, he has no cause of action against his employer.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Montgomery County; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the November term, 1900. Reversed. Opinion filed June 10, 1901.

Geo. F. McNulty, attorney for appellant; Amos Miller, of counsel.

Lane & Cooper, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

Appellee, while working for appellant as one of a gang of section men, taking up steel rails from appellant's railroad track and replacing them with new and heavier rails, received an injury to his left foot which necessitated the amputation of two of his toes. He sued in case for damages and recovered a judgment for $930 against appellant.

The injury was sustained while the gang was engaged in loading onto a flat car the rails that had been taken up and laid along the side of the track. The gang was composed of about thirty men in charge of a foreman, named James Frazier, and was divided into two squads, fifteen on each side of the car. The car, drawn by an engine, was kept slowly moving. Each squad, going a little ahead, would seize one of the rails and, upon the foreman's command of "Up high, heave," would hoist it upon the approaching car.

At the immediate time of appellee's accident, a rail had just been hoisted and landed by his squad upon the car, and while he was making an effort to straighten it as it lay there, his foot slipped and one of the car wheels passed over it. All the circumstances in proof show that he placed himself in a very dangerous position. He claims that he did so upon the command of the foreman; and upon that claim, appellant's liability, if there be one, must rest. If he placed himself in that position contrary to instructions, or without instructions, he has no right to recover, for the reason that he was not, at that time, in the exercise of ordinary care for his own safety. Much is said in appellee's brief about the perilous mode of loading the rails upon moving cars. His right to recover can not be based upon that. He knew the mode adopted by appellant, and when he entered and continued in its service he assumed the risk incident to it.

There is no evidence that, at the time of the accident, Frazier directed him to straighten the rail. Appellee and two other witnesses testified that on two or three occasions previous, Frazier had directed the men to right rails that had not been put straight; but the evidence shows that that was done when there were not men on the car to perform that service, and when the car was stopped for the purpose. At the time in question, Frazier and one other man were on the car to straighten loaded rails. It seems, then, appellee met his injury in attempting to do a thing not required of him at the time, and which fell to the duty of other employes. It is not disputed that Frazier had frequently instructed the men to be careful and to get back from the car as soon as the hoisted rails left their hands. Had appellee heeded that instruction and obeyed it, he would not have been injured.

We are unable to see any possible view, based upon reason or authority, on which this judgment can be sustained.

The judgment will be reversed, and, as we do not think appellee has any ground of action against appellant, the cause will not be remanded.

**Finding of Facts** to be incorporated in the judgment:

We find that appellant is not guilty of the negligence complained of against it by appellee; that the injury complained of was caused by appellee's own negligence in attempting to do a thing not required of him by appellant, and that appellee has no cause of action against appellant. Reversed.